**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| SHAWN F. RIDER, ) | |
| ) | |
| Petitioner/Defendant, ) | |
| ) | |
| vs. ) | CIVIL NO. 05-419-GPM |
| ) | |
| UNITED STATES OF AMERICA, ) | CRIMINAL NO. 02-CR-40044 |
| ) | |
| Respondent/Plaintiff. ) | |

# MEMORANDUM AND ORDER

**MURPHY, Chief District Judge:**

This matter is before the Court on Petitioner's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence. This motion was filed by Petitioner, *pro se*, and the Government has not filed written responses to this motion. For the reasons set forth below, the motion is denied.

Without the benefit of a plea agreement, Petitioner pleaded guilty to two counts involving the manufacture of methamphetamine, as well as one count of failure to appear. He was sentenced to 136 months imprisonment, four years supervised release, a fine of $200, and a special assessment of $300. No appeal was filed, and almost two years later he filed the instant motion under Section 2255.

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255.

In the instant case, Petitioner was sentenced on July 14, 2003. He did not file a direct appeal; therefore, for purposes of § 2255, Petitioner's conviction became final in July 2003. *See generally Clay v. United States*, 537 U.S. 522, 525 (2003). Petitioner filed the instant motion on June 10, 2005. Thus, Petitioner's judgment of conviction was final for almost two years prior to the filing of his motion under § 2255, and he filed this motion almost one year too late. None of the exceptions to the statute of limitations can alter this finding. Petitioner's basis for this action is the rule "newly recognized" in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and *United States v. Booker*, 125 S. Ct. 738 (2005). However, the Seventh Circuit already has held that these rulings do not apply retroactively to convictions that were final prior to the *Booker* decision. *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005); *see also Curtis v. United States*, 294 F.3d 841, 844 (7th Cir. 2002) (*Apprendi v. New Jersey*, 530 U.S. 466 (2000), is not retroactively applicable).

Therefore, this § 2255 motion is barred by the statute of limitations, and this Court lacks jurisdiction to entertain the motion. Accordingly, the motion is **DENIED**, and this action is **DISMISSED**. Dismissal is *without prejudice* to Petitioner filing a new § 2255 motion *if* the United States Supreme Court announces that *Booker* applies retroactively on collateral review.

**IT IS SO ORDERED.**

DATED:  02/01/06

s/ G. Patrick Murphy<br>
G. PATRICK MURPHY<br>
Chief United States District Judge